## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **JERRY LEE CONTRERAS,** | : | |
| | : | |
| **Petitioner,** | : | |
| **v.** | : | **Case No. 5:25-cv-393-TES-CHW** |
| | : | |
| **Sheriff DAVID DAVIS,** | : | |
| | : | |
| **Respondent.** | : | |
| _____ | : | |

## <u>ORDER</u>

In accordance with the Court's previous orders and instructions, *pro se* Petitioner Jerry Lee Contreras, an inmate most recently confined in the Bibb County Law Enforcement Center, has filed a motion for leave to proceed *in forma pauperis* in this case. Although Petitioner's motion is not complete, the Court recognizes that Petitioner also stated his family members would pay the $5.00 filing fee. ECF No. 6-1 at 1. Because they have not done so, Petitioner's motion (ECF No. 5) is **GRANTED** for purposes of this recommendation only. It is further **RECOMMENDED** that Petitioner's habeas petition be **DISMISSED WITHOUT PREJUDICE** because he has not exhausted available state remedies. It is also **RECOMMENDED** that a certificate of appealability ("COA") and any motion to proceed *in forma pauperis* on appeal be **DENIED**.

### I.      SCREENING

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides:

The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Rules Governing § 2254 Cases, R. 4.

A state prisoner cannot petition for federal habeas relief without first exhausting his state court remedies. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To exhaust state court remedies, a state prisoner must first present his claims to the state courts through one complete round of the state's appellate review process, either on direct appeal or in state post-conviction proceedings. *Boerckel*, 526 U.S. at 845.

Failure to exhaust state remedies is a valid reason for dismissal under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653–55 (11th Cir. 2020). Although the exhaustion requirement is not jurisdictional, the Court can still *sua sponte* dismiss a § 2254 petition on a non-jurisdictional basis, so long as (1) the petitioner is given "notice of its decision and an opportunity to be heard in opposition[,]" and (2) the respondent is given similar notice and an opportunity to waive that defense. *Id*. at 653, 654-55 (allowing *sua sponte* dismissal based on untimeliness because Report and Recommendation provided notice and opportunity to respond to both petitioner and respondent); *see also Fletcher v. Oliver*, No. 1:20-00347-KD-N, 2020 WL 5100631, at *2 n.4 (S.D. Ala. July 21, 2020), *report and*

*recommendation adopted*, 2020 WL 5099937 (S.D. Ala. Aug. 28, 2020) (stating that "[t]he undersigned finds no reason the procedure endorsed in *Paez* cannot also be utilized to *sua sponte* dismiss a habeas petition as unexhausted").

Petitioner is challenging his pretrial detention in Bibb County. ECF No. 1 at 2. Petitioner challenges several aspects of the pending criminal proceedings, contending that (1) the arresting officer lacked probable cause to arrest him; (2) he was denied bond; (3) the prosecutor failed to file an information within 21 days; (4) he is actually innocent of the crime for which he is charged; (5) his counsel has been ineffective; (6) his character has been defamed. *Id.* at 7-10. Petitioner's amended petition includes additional allegations about the circumstances leading to his arrest. ECF No. 6-2 at 1-5. In addition, Petitioner contends that he did not waive his right to a commitment hearing and that the failure to provide that hearing violated his constitutional rights. ECF No. 6-2 at 6.

A state pretrial detainee must exhaust all available state court remedies before filing a federal habeas corpus petition under 28 U.S.C. § 2241. *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489-90 & n.4 (1973) (addressing the merits of the petitioner's § 2241 petition only after concluding that he had exhausted "all available state remedies as a prelude to this action"); *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 n.4 (11th Cir. 2004). Exhaustion requires that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004) (stating that § 2241 petitioner

3

must exhaust all remedies "available in the courts of the State" (citation omitted)). If Petitioner has not exhausted state remedies, the Court cannot grant relief. *Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015) (stating that "[t]he exhaustion requirement is still a requirement; it's just not a jurisdictional one).

"In Georgia, the proper method for challenging improper pre-trial detention, including a challenge to bond, is a state petition for a writ of habeas corpus." *Hughes v. Coursey*, No. CV 110-077, 2010 WL 3338696, at *2 (S.D. Ga. July 27, 2010) (first citing *Mullinax v. State*, 515 S.E.2d 839, 840 (Ga. 1999); and then citing *Bozzuto v. State*, 624 S.E.2d 166, 168 (Ga. Ct. App. 2005)). Petitioner does not allege that he has filed a state court habeas petition in this case, nor does he contend that he has challenged the state court's decisions or actions by appealing any decisions, filing any grievances, or seeking any administrative remedies with respect to his claims. *See, e.g.*, ECF No. 1 at 2-5. Petitioner's response to the Court's order to explain how he exhausted state remedies also fails to specify how Petitioner did so; instead, his response appears to be a letter to jail officials stating that he will file a federal lawsuit within 21 days if his charges are not dropped and if he is not released from jail. *See generally* ECF No. 6-4. Thus, to the extent Petitioner has potentially cognizable claims, it still does not appear that Petitioner has exhausted his available state court remedies. The Petition is therefore subject to dismissal for failure to exhaust.

## II.    COA AND *IN FORMA PAUPERIS* ON APPEAL

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a COA.  28 U.S.C. § 2253(c)(1)(A).  Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a [COA] when it enters a final order adverse to the applicant," and if a COA is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."

"A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This requires a demonstration that "jurists of reason could disagree with the district court's resolution of [a petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," such as in this case, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484.  Petitioner has not made these showings.  Therefore, it is **RECOMMENDED** that Petitioner be **DENIED** a COA.  Additionally, because there are no non-frivolous issues to

raise on appeal, an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). Accordingly, it is **RECOMMENDED** that any motion to proceed *in forma pauperis* on appeal be **DENIED**.

### III.    CONCLUSION

For the foregoing reasons, Petitioner's motion to proceed *in forma pauperis* (ECF No. 5) is **GRANTED**. It is **RECOMMENDED** that Petitioner's § 2241 petition (ECF No. 1), be **DISMISSED WITHOUT PREJUDICE** for failure to fully exhaust state remedies and that any COA and motion to proceed *in forma pauperis* on appeal be **DENIED**.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Clerk is **DIRECTED** "to notify the [P]etitioner" of this ruling by mailing him a copy of this Order and Recommendation of Dismissal. Pursuant to the memorandum of understanding with the Attorney General of the State of Georgia, the Clerk is **DIRECTED** to serve a copy of the Petition (ECF No. 1) and this Order and Recommendation of Dismissal on the Attorney General and Respondent electronically through CM/ECF and they may, **but are not required to**, respond to the Order and Recommendation of Dismissal.

### IV.    OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with Tilman E. Self, III, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Order and Recommendation of Dismissal. Any objection is limited in length to **TWENTY (20)**

**PAGES**. See M.D. Ga. L.R. 7.4.  Any party may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.  Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.  *See* 11th Cir. R. 3-1.

      **SO ORDERED and RECOMMENDED**, this 31st day of December, 2025.

                         s/ Charles H. Weigle
                         Charles H. Weigle
                         United States Magistrate Judge